## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON FREDERICK HAUGHT,
        Appellant,

      v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
PH-752S-20-0035-I-1

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Frederick Haught, Belpre, Ohio, pro se.

Brian Self, Esquire, Parkersburg, West Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his 5-day suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a GS-13 Lead Information Technology Specialist for the Department of the Treasury, Bureau of the Fiscal Service. Initial Appeal File (IAF), Tab 5 at 13. By letter dated August 15, 2019, the agency proposed to suspend him for 5 calendar days for inappropriate conduct. *Id.* at 19-23. The deciding official upheld the proposed action and suspended him for 5 calendar days, effective October 11, 2019. *Id.* at 13, 15-18.

The appellant filed a Board appeal challenging his 5-day suspension. IAF, Tab 1 at 3. The administrative judge advised the appellant that the Board may not have jurisdiction over the appeal and notified him of the limited exceptions to the general rule that the Board does not have jurisdiction over suspensions of 14 or fewer days. IAF, Tab 2 at 2-3. The administrative judge ordered the appellant to file evidence and argument showing that his appeal is within the Board's jurisdiction, *id.* at 3, but the appellant did not respond. Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over his appeal and dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 2-3.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Suspensions of more than 14 days are within the Board's jurisdiction under 5 U.S.C. §§ 7512(2), 7513(d). However, a suspension of 14 days or less is not appealable to the Board. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010); *Stewart v. Department of Defense*, 82 M.S.P.R. 649, ¶ 15 (1999). Here, it is undisputed that the appellant was suspended for fewer than 14 days.

For the first time on review, the appellant argues that the agency retaliated against him based on his whistleblowing disclosure, subjected him to a suitability action, and violated his due process rights. PFR File, Tab 1 at 7-11. The Board will generally not consider arguments raised for the first time in a petition for review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012). We have therefore considered the appellant's allegations to the extent they relate to the dispositive issue of jurisdiction.

Although the administrative judge advised the appellant of how to establish jurisdiction over his appeal under the Whistleblower Protection Act, one of the exceptions to the general rule that the Board does not have jurisdiction over suspensions of 14 or fewer days, the appellant did not respond. IAF, Tab 2 at 2. The appellant's allegation of whistleblower reprisal, raised for the first time on review, is vague and unsupported, and it is unclear whether he is attempting to

pursue an individual right of action (IRA) appeal. To the extent the appellant does wish to file an IRA appeal, he may do so with the regional office in accordance with the Board's procedures. *See* 5 C.F.R. §§ 1209.5, 1209.6.

Next, we turn to the appellant's assertion that the action at issue constitutes a suitability action. Pursuant to the regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 731, the Board has jurisdiction over certain matters involving suitability for Federal employment. *See Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 7 (2009), *modified on other grounds by Scott v. Office of Personnel Management*, 116 M.S.P.R. 356 (2011), *modified*, 117 M.S.P.R. 467 (2012). OPM issued revised suitability regulations which became effective on June 16, 2008. Under the new 5 C.F.R. § 731.501(a), only a "suitability action" may be appealed to the Board. A suitability action is an action based on a suitability determination that relates to an individual's character or conduct that may have an impact on the integrity or efficiency of the service. 5 C.F.R. § 1201.3(a)(9). It includes the cancellation of eligibility, removal, cancellation of reinstatement eligibility, and debarment. *Id.*; *see* 5 C.F.R. § 731.203(a). Here, the appellant has not alleged, nor does the record show, that the agency took any of the actions listed in 5 C.F.R. § 731.203(a) against him. Thus, we find that the appellant has failed to nonfrivolously allege that the agency subjected him to an appealable suitability action under 5 C.F.R. part 731. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶¶ 10, 12 (2012) (finding that the Board lacked jurisdiction over the appeal as a suitability action); *see also Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006) (stating that mere pro forma allegations are insufficient to satisfy the nonfrivolous standard).

For the reasons stated above, the administrative judge properly dismissed the appeal for lack of jurisdiction. ID at 2-3. Absent an otherwise appealable action, the Board lacks jurisdiction to review a claim of a violation of due process. *See Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006).

Moreover, such a claim is not relevant to the jurisdictional issue. *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015) (declining to reach the appellant's claim of a violation of due process because it was not relevant to the jurisdictional issue).

Finally, the appellant appears to challenge the merits of his 5-day suspension. PFR File, Tab 1 at 8-10. Any such allegations, however, are not relevant to the dispositive issue of jurisdiction. *See Sapla*, 118 M.S.P.R. 551, ¶ 7 (finding that the appellant's arguments regarding the merits of her appeal were not relevant to the question of jurisdiction). Thus, we need not consider them.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.